# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ABDULAZIZ M. SUGULE and AMS & ASSOCIATES, INC., | Civil No. 08-1483 (JRT/FLN) |
| Plaintiffs, | |
| v. | |
| DENISE FRAZIER, Field Office, District Director, USCIS; GERARD HEINAUER, Director, Nebraska Service Center, USCIS; EMILIO GONZALES, Director, USCIS; ALBERTO GONZALES, Attorney General of the United States; MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security; and ROBERT S. MUELLER, Director, FBI, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

Herbert A. Igbanugo and Dyan Williams, **IGBANUGO PARTNERS INT'L LAW FIRM, PLLC**, 250 Marquette Avenue, Suite 1075, Minneapolis, MN 55401, for plaintiffs.

David W. Fuller, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants.

On June 2, 2008, plaintiffs Abdulaziz M. Sugule and AMS & Associates, Inc. ("AMS") (collectively, "plaintiffs") filed a complaint against the above-named defendants challenging United States Citizenship and Immigration Services' ("USCIS") decision to revoke Sugule's I-140 visa petition, invalidate an ETA-750 labor certification, and deny Sugule's I-485 application to adjust status to that of a lawful permanent

resident. Defendants filed a motion to dismiss on jurisdictional grounds and, in the alternative, for summary judgment. Plaintiffs filed a cross-motion for summary judgment, arguing that the USCIS' decisions were arbitrary and capricious. For the reasons sets forth below, the Court denies plaintiffs' motion and grants defendants' motion.

## BACKGROUND

**I. THE ETA-750 LABOR CERTIFICATION, THE I-140 VISA PETITION, AND THE I-485 APPLICATION FOR ADJUSTMENT TO LAWFUL PERMANENT RESIDENT STATUS**

On September 20, 2002, AMS filed with the Department of Labor ("DOL") an Application for Alien Employment Certification on Sugule's behalf on Form ETA-750 (the "Labor Certification") in connection with AMS' hiring of Sugule as an accountant. (Ex. 5, Docket No. 6; Ex. 6, Docket No. 7.) Plaintiffs did not indicate in that application that Sugule had an ownership interest in AMS. Based on the information contained in the application, the DOL certified on February 11, 2003, that AMS had made a good faith effort to recruit U.S. workers and that the decision to hire Sugule was a bona fide job offer resulting from a search open to all qualified applicants. (*See* Ex. 6 at 1, Part A.16, Docket No. 7.) Accordingly, the DOL granted the application.

On April 28, 2003, AMS filed an I-140 employment-based visa petition with the USCIS on Sugule's behalf seeking to classify Sugule as a professional or skilled worker under Section 203(b)(3)(A) of the Immigration Act. (Ex. 7, Docket No. 8.) On the same

day, Sugule filed an I-485 application to adjust his immigration status to lawful permanent resident. (Ex. 8, Docket No. 9.)

On January 11, 2005, while the I-140 visa petition was pending before the USCIS, Sugule signed a Uniform Residential Contract Application (the "Mortgage Application") stating that he was a "self-employed" accountant and identifying his business as AMS. (Ex. A, Docket No. 39.) The Mortgage Application confirmed that Sugule "fully understand[s] that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts." (*Id.*) On August 31, 2005 – while his I-140 visa petition was still pending – Sugule signed an application for a surety bond in connection with a proposed business venture (the "Surety Bond Application"). (*Id.* Ex. B.) The Surety Bond Application provided that the "undersigned . . . represents that all statements made in this Application are true and made without reservation." (*Id.*) In the Surety Bond Application, Sugule represented that he owned one hundred percent of AMS. Sugule included with that application a "Personal Financial Statement" listing AMS among his "assets" and indicating that he had been the title holder of AMS for eight years. (*Id.*) Sugule also included a résumé with the Surety Bond Application stating that he had been the "Owner" of AMS since December 1997. (*Id.*)

## II. INVALIDATION OF THE ETA-750 LABOR CERTIFICATION

On August 12, 2007, the USCIS granted Sugule's I-140 visa petition. (Ex. 1, Docket No. 2.) During the subsequent adjudication of the I-485 application for

adjustment of status, however, the USCIS learned of Sugule's representations in the Mortgage Application, the Surety Bond Application, the Personal Financial Statement, and Sugule's résumé that he owned AMS. As a result, on September 6, 2007, the USCIS sent Sugule a Notice of Intent to Revoke the I-140 Visa Petition (the "Notice of Intent"). (Ex. 21, Docket No. 22.)

The Notice of Intent stated that it had "come to the attention of the [USCIS] that [Sugule] is the principal owner of the potential corporate employer[, AMS]." (*Id.* at 1.) The Notice of Intent explained that although "a prospective immigrant's control . . . of a petitioning corporation does not constitute an automatic disqualification," the DOL "has in the past denied labor certification[, a prerequisite to granting an I-140 visa,] in instances where it determined that the prospective alien employee controlled the prospective corporate employer to the extent that the job offer at issue could not properly be regarded as a bona fide job offer and open to all qualified applicants." (*Id.*) The Notice of Intent provided Sugule thirty days to respond with evidence supporting his visa petition and opposing the revocation. (*Id.* at 2.)

Sugule and AMS jointly responded to the Notice of Intent, submitting various affidavits, corporate documents, and tax forms that purportedly "establish[ed] that Mr. Sugule is not the principal owner of AMS." (Ex. 22 at 1, Docket No. 23.) In an affidavit, Sugule asserted that the Surety Bond Application, Personal Financial Statement, and résumé "inaccurately reflect that Mr. Sugule owns AMS because he made up this information" in order to deceive the insurance company into issuing the surety

bond. (*Id.* at 3.) Sugule also noted that the "inaccurate" Surety Bond Application was "a desperate and foolish attempt to show I had a strong financial background."[1] (*Id.* at 8, ¶ 5.) Sugule further asserted that the representation in the Mortgage Application that Sugule was "self-employed" was a clerical error that Sugule "did not notice" before signing the application. (*Id.* at 4-5.) Sugule urged the USCIS to "disregard [the documents] in their entirety" because the documents "contain inaccurate and unreliable information reflecting the Mr. Sugule owned or owns AMS." (*Id.* at 5.) Sugule's affidavit concludes that Sugule "never owned AMS." (*Id.* at 10, ¶ 12.)

On March 11, 2008, the USCIS revoked the I-140 petition. (Ex. 1, Docket No. 2.) USCIS concluded that the evidence that Sugule and AMS requested to be "disregard[ed]" was "in fact material to the instant [visa] petition and must be weighed against the evidence and claims raised in response to the Notice of Intent to Revoke." (*Id.* at 2.) The USCIS weighed the conflicting evidence, and concluded that it "raise[d] serious credibility problems" related to the petition. (*Id.*) The USCIS found:

> The record contains multiple pieces of documentation indicating the beneficiary is the owner of AMS & Associates. These documents were not submitted for a single application or claim; the documents were signed months apart from each other and were submitted for different benefits. When balancing this evidence against the statements of counsel and the beneficiary, as well as the remainder of the record, the [USCIS] concludes the evidence weighs in favor of finding that the beneficiary is in fact the owner of the petitioning entity, AMS & Associates, Inc, and a decision will be rendered accordingly.

---

[1] Sugule also claimed that he "even inflated the market value of his home" and "included a résumé" reflecting his ownership of AMS as part of this effort. (*Id.* at 8, ¶ 5.)

(*Id.*)

Addressing the labor certification, which was a prerequisite to the granting of the I-140 petition, the USCIS concluded:

> The regulation at 20 CFR § 656.30(d) provides that the [USCIS] . . . may invalidate a labor certification upon a determination of fraud or willful misrepresentation of a material fact involving the application for labor certification. After weighing all the evidence in the record, The [USCIS] concludes that the offer of employment was not bona fide and misrepresentation, both willful and material, occurred with the omission of ownership as the petitioning corporation circumscribed the certification mechanism utilized by the Department of Labor. As a result, the Form ETA-750 submitted with the instant petition is hereby invalidated.

(*Id.* at 3.)

The USCIS revoked the I-140 visa petition because it "was submitted without a valid labor certification." (*Id.* at 4.) The revocation decision further stated that the denial was "without prejudice to the proper filing of a Form I-140, with appropriate and valid individual labor certification from the U.S. Department of Labor, as well as all required evidence for the benefit sought." (*Id.*) The revocation decision also noted that there "is no appeal for this decision." (*Id.*)

On March 21, 2008, the USCIS denied Sugule's I-485 application because Sugule had not been granted a valid I-140 visa petition. (Ex. 2 at 2-3, Docket No. 3.) The USCIS denied the I-485 application on two additional grounds: First, the USCIS observed that Sugule was an "alien restricted from adjustment" by law because the record indicated Sugule had worked for AMS for an aggregate period of 920 days between 2004 and 2007 without employment authorization. (*Id.* at 4-5.) Second, the USCIS exercised

its discretion under Section 212(a)(6)(C)(i) of the Immigration and Naturalization Act, which "renders inadmissible any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act." (*Id.* at 5.)

On March 28, 2008, AMS allegedly filed an appeal with the USCIS challenging the decision to revoke the I-140 visa petition, and that appeal remained pending when the Court heard the parties' oral arguments. (*See* Ex. 3, Docket No. 4.) On December 10, 2009, after the Court took the motions under advisement, the USCIS issued a decision regarding Sugule's "request to reconsider" the I-140 revocation. (Ex. 1 at 1, Docket No. 63.) The USCIS affirmed its decision and revoked the I-140 petition. (*Id.* at 2-3.) In addition, the USCIS noted, "As to whether the invalidation of a labor certification should have been appealed it must be noted that the petitioner did not file an appeal. The petitioner clearly marked the Form I-290 B in box E, [which states] 'I am filing a motion to reconsider a decision. My brief is attached.'" (*Id.* at 3.)

### III.   PROCEDURAL POSTURE AND MOTIONS

On June 2, 2008, plaintiffs filed this complaint, seeking "declaratory review of the U.S. Citizenship & Immigration Services (USCIS), Nebraska Service Center's (a) March 11, 2008 decision to revoke approval of [the] I-140, Immigrant Petition for Alien Worker, on behalf of Abdulaziz Sugule, and to invalidate the certified Form ETA-750, Application for Alien Employment Certification, and (b) March 21, 2008 decision to

deny Mr. Sugule's Form I-485, Application to Register Permanent Residence or Adjust Status, based primarily on the revocation of the I-140 petition." (Compl. ¶ 1, Docket No. 1 (footnotes omitted).)

Defendants filed a motion to dismiss for lack of jurisdiction or, in the alternative, for summary judgment.[2] (Docket No. 38.) Defendants argue that the Court does not have jurisdiction to review the USCIS decision to revoke the I-140 visa petition because that decision was discretionary. Defendants also argue that the Court does not have jurisdiction to review USCIS decisions granting or denying applications for change of immigration status such as the I-485 application. In the alternative, defendants argue that they are entitled to summary judgment. Plaintiffs filed a cross-motion for summary judgment, arguing that there is no reliable, objective evidence demonstrating that Sugule ever owned AMS. Plaintiffs ask the Court to declare "unlawful" the USCIS' revocation of the I-140 petition, invalidation of the labor certification, and denial of the I-485 application. (Pls.' Mem. in Supp. of Mot. for Summ. J. at 7, Docket No. 42.)

---

[2] Defendants initially argued that plaintiffs' action was not ripe for adjudication, but defendants withdrew that argument in light of the USCIS' decision of December 10, 2009. (Docket No. 66.)

## DISCUSSION

### I. JURISDICTION TO REVIEW THE USCIS' DECISION TO REVOKE THE I-140 PETITION AND TO DENY THE I-485 APPLICATION FOR ADJUSTMENT OF STATUS

The USCIS' authority to revoke a previously granted I-140 visa petition arises under 8 U.S.C. § 1155, which provides, "The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under [8 U.S.C. § 1154]." Under 8 U.S.C. § 1252, "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" 8 U.S.C. § 1252(a)(2)(B)(ii). The Eighth Circuit recently held that "[Section] 1155 revocations are actions 'specified [by statute] to be in the discretion of . . . the Secretary' within the meaning of § 1252(a)(2)(B)(ii), and therefore [are] not subject to judicial review." *Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009) (second and third alterations in original).

Notwithstanding § 1252, the Court has "jurisdiction to review a 'predicate legal question that amounts to a nondiscretionary determination underlying the denial of relief.'" *Id.* (quoting *Ibrahimi v. Holder*, 566 F.3d 758, 764 (8th Cir. 2009)). Plaintiffs argue that the Court has jurisdiction to determine whether the USCIS "met the legal standard for good and sufficient cause to revoke" the I-140 petition. (Letter to District Court at 3, Docket No. 63.) Here, however, plaintiffs do not argue that the USCIS

applied an improper legal standard, which could be construed as a predicate legal question. Instead, plaintiffs challenge the USCIS' discretionary determination to deny relief. First, the USCIS' determination that the facts before it satisfied the legal standard for good and sufficient cause to revoke the I-140 is a discretionary determination. Second, the USCIS' factual determination that the labor certification involved fraud or a willful misrepresentation of a material fact is a discretionary determination. Although the determination to invalidate the labor certification does "underl[ie] the denial of relief" requested in the I-140 petition, the determination is, as discussed in greater detail below, discretionary. Hence, the Court does not have jurisdiction under § 1252 to review the USCIS' revocation of the I-140 petition.

Turning to the denial of the I-485 application, under 8 U.S.C. § 1255, the Attorney General may, "in his discretion and under such regulations as he may prescribe," adjust the status of an alien to that of an alien lawfully admitted for permanent residence. 8 U.S.C. § 1255(a). Under 8 U.S.C. § 1252(a)(2)(B)(i), "no court shall have jurisdiction to review . . . any judgment regarding granting relief under . . . [§ 1255.]" *See also Hailemichael v. Gonzales*, 454 F.3d 878, 886 (8th Cir. 2006) ("This Court lacks jurisdiction to review discretionary denials of adjustment of status, unless the petition for review raises a constitutional claim or question of law."). Accordingly, the Court does not have jurisdiction to review the USCIS' decision to deny the I-485 application.

## II. THE USCIS' DECISION TO INVALIDATE THE ETA-750 LABOR CERTIFICATION

A labor certification may be invalidated or revoked after issuance "upon a determination, made in accordance with [the agency's] procedures . . . of fraud or willful misrepresentation of a material fact involving the labor certification application." 20 C.F.R. § 656.30(d). The invalidation of a labor certification is discretionary, but that discretion is conferred by regulation, not statute. The Supreme Court held in *Kucana v. Holder* that under § 1252, "Congress barred court review of discretionary decisions only when Congress itself set out the Attorney General's discretionary authority in the statute." --- U.S. ---, 130 S. Ct. 827, 837 (2010); *see also id.* ("If Congress wanted the jurisdictional bar to encompass decisions specified as discretionary by regulation along with those made discretionary by statute, moreover, Congress could easily have said so."). As a consequence, the Court has jurisdiction to review the USCIS' invalidation of Sugule's labor certification.

The Court will set aside an agency's decision if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *Gipson v. INS*, 284 F.3d 913, 916 (8th Cir. 2002). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). "An agency decision is arbitrary and capricious if the agency fails to examine relevant evidence or articulate a satisfactory explanation for the decision." *Bangura v. Hansen*, 434 F.3d 487, 502 (6th Cir. 2006) (citing *Motor Vehicle*

*Mfrs.*, 463 U.S. at 42-43). The Court will affirm the agency's findings of fact if they are supported by "substantial evidence." *Redd v. Mukasey*, 535 F.3d 838, 842 (8th Cir. 2008). The substantial evidence standard is "extremely deferential," and "the agency's findings of fact must be upheld unless the alien demonstrates that the evidence he presented not only supports a contrary conclusion but **compels** it." *Al Yatim v. Mukasey*, 531 F.3d 584, 587 (8th Cir. 2008) (internal quotation marks omitted).

After sending plaintiffs the Notice of Intent and permitting plaintiffs to respond within thirty days with evidence in support of the I-140 visa petition, the USCIS issued its decision revoking the I-140 petition. (*See* Ex. 1, Docket No. 2; Ex. 21, Docket No. 22.) In that decision, the USCIS invalidated Sugule's ETA-750 labor certification, and the absence of a valid labor certification served as the sole basis for the revocation. The USCIS noted that after approving the I-140 petition, it received "documentary evidence" in the form of the Surety Bond Application, Personal Financial Statement, Sugule's résumé, and the Mortgage Application, that indicated that Sugule owned "one-hundred percent of AMS Accounting Firm," that he had been the owner of the firm for eight years, and that he was a self-employed accountant for AMS. (Ex. 1 at 1, Docket No. 1.) The USCIS noted that it had received plaintiffs' response to the Notice of Intent, in which plaintiffs argued that "because the surety bond application and related documents, as well as the [Mortgage] Application, contain inaccurate and reliable information reflecting that Mr. Sugule owned . . . AMS, the [USCIS] should disregard them in their entirety." (*Id.* at 2.) Plaintiffs also submitted documents purporting to

establish that Sugule was not the owner of AMS, including business filings with the State of Minnesota and an affidavit by Sugule.

The USCIS declined to disregard the Surety Bond Application, its accompanying documents, and the Mortgage Application, noting that "[t]he evidence in question is in fact material to the instant petition and must be weighed against the evidence and claims raised in response to the Notice of Intent[.]" (*Id.* at 2.) The USCIS stated:

> The record contains multiple pieces of documentation indicating the beneficiary is the owner of AMS & Associates. These documents were not submitted for a single application or claim; the documents were signed months apart from each other and were submitted for different benefits. **When balancing this evidence against the statements of counsel and the beneficiary, as well as the remainder of the record**, the [USCIS] concludes that the evidence weighs in favor of finding that the beneficiary is in fact the owner of the petitioning entity, AMS & Associates, Inc. and a decision will be rendered accordingly.

(*Id.* at 2 (emphasis added).)

The USCIS concluded: "**After weighing all the evidence in the record**, The [USCIS] concludes that the offer of employment was not bona fide and misrepresentation, both willful and material, occurred with the omission of ownership as the petitioning corporation circumscribed the certification mechanism utilized by the Department of Labor." (*Id.* at 3 (emphasis added).) Accordingly, the USCIS revoked the I-140 petition for lack of a valid labor certification. (*Id.* 3-4.); *see* 8 C.F.R. § 204.5(k)(4)(i) ("Every petition under this classification must be accompanied by an individual labor certification from the Department of Labor[.]").

Plaintiffs argue that the USCIS acted arbitrarily and capriciously by failing to give plaintiffs notice of its intent to invalidate the labor certification. The record belies plaintiffs' assertion. The Notice of Intent informed plaintiffs that the USCIS had become aware of evidence showing that Sugule was the "principal owner" of AMS. (Ex. 21 at 1, Docket No. 22.) The Notice of Intent noted that an immigrant's control of a corporation does not automatically disqualify an individual from receiving a labor certification if "the position at issue was offered in good faith and open to all qualified applicants." (*Id.*) The USCIS stated, however, that the DOL "has in the past denied labor certification . . . where it determined that the prospective alien employee controlled the prospective corporate employer to the extent that the job offer at issue could not properly be regarded as a bona fide job offer and open to all qualified applicants." (*Id.*) The USCIS stated that "[t]here is no evidence that during the certification process, [Sugule] revealed to the [DOL] that he was the owner of the petitioning entity." (*Id.* at 2.) The USCIS continued:

> The Service holds that misrepresentation, both willful and material, occurred with the omission of ownership as the petitioning corporation circumscribed the certification mechanism utilized by the [DOL]. Coupled with the position that the offer of employment was not bona fide, it is the posture of the [USCIS] that this burden has not been met and this volitional requirement has not been established.
>
> In view of the above, it appears that the approval of the [I-140] petition should be revoked.

(*Id.*) Thus, the Notice of Intent provided notice to plaintiffs that the USCIS intended to invalidate the labor certification for fraud or willful misrepresentation of a material fact involving the labor certification.

Plaintiffs' counsel's response to the Notice of Intent provides further support for that conclusion.  In the response, plaintiffs' counsel attempted to distinguish an administrative decision that was cited in the Notice of Intent, *Matter of Silver Dragon Chinese Restaurant*, 19 I&N Dec. 401 (B.I.A. 1986), and which related to "willful misrepresentation of a material fact [as a] ground for invalidation of an approved labor certification."  (*See* Ex. 22 at 5-6, Docket No. 23.)  The record therefore establishes that plaintiffs had notice of the USCIS' intent to invalidate the labor certification.

Plaintiffs also argue that there was no fraud or willful misrepresentation in the submission of the labor certification because Sugule never owned AMS.  Putting aside the fact that plaintiffs' argument is based on a conclusion of fact that is disputed here, the Court considers whether the substantial evidence before the USCIS supports the USCIS' decision to invalidate the labor certification.  Notwithstanding plaintiffs' submission of evidence to the USCIS demonstrating the Sugule did not own AMS, that evidence does not compel a decision contrary to the USCIS' disposition.

Plaintiffs make the surprising argument that if the USCIS "does not deem Mr. Sugule credible, then it cannot rely on a personal financial statement and resume that Mr. Sugule himself prepared and submitted to obtain a surety bond for his business." (Pls.' Mem. in Opp'n to Mot. for Dismissal/Summ. J. at 15, Docket No. 50.)  The Court agrees with the USCIS, however, that the Surety Bond Application and its accompanying documents are relevant evidence of Sugule's ownership of AMS.  Further, because Sugule signed the Surety Bond Application and Mortgage Application with the

representation that the statements contained therein were true – under penalty of fine or imprisonment in the Mortgage Application – the USCIS properly considered those documents in evaluating whether Sugule had misrepresented his ownership of AMS in the labor certification. The USCIS considered the entire record before it in invalidating the labor certification, including the evidence submitted by plaintiffs in response to the Notice of Intent. The Court finds that although the evidence may support a finding contrary to the USCIS' findings, the evidence does not **compel** such a contrary finding.[3] *See Al Yatim*, 531 F.3d at 587.

The USCIS did not act arbitrarily or capriciously in invalidating the labor certification and substantial evidence supports the USCIS' findings of fact. Accordingly, the Court declines to set aside that decision.

---

[3] Plaintiffs also argue that, because the ETA-750 labor certification did not require plaintiffs to disclose Sugule's ownership interest, the USCIS acted arbitrarily and capriciously by finding that plaintiffs' failure to disclose that Sugule was the principal owner of AMS constituted fraud or misrepresentation. (*See* Ex. 6, Docket No. 7.) In Part A of the ETA-750 application, however, AMS certified that "[t]he job opportunity has been and is clearly open to any qualified U.S. worker," (*id.* at 2), and Sugule made no mention in Part B that he held any other position with AMS other than as an "accountant," (*id.* at 3). Both parties signed the form acknowledging that they were subject to a fine or imprisonment for "knowingly furnishing any false information in the preparation of" the ETA-750. (*Id.* at 1.) AMS' representation is particularly important because the labor certification process is designed to ensure that the job offer is bona fide and because an immigrant's control over the hiring process may preclude a finding of a bona fide job offer. (Ex. 21 at 1, Docket No. 22 ("[T]he [DOL] has in the past denied labor certification in instances where it determined that the prospective alien employee controlled the prospective corporate employer to the extent that the job offer at issue could not properly be regarded as a bona fide job offer and open to all qualified applicants."). The Court finds that plaintiffs' representations or omissions in the ETA-750 could therefore form the basis for the USCIS' finding that plaintiffs' statements constituted fraud or misrepresentation.

In addition, the Court does not have jurisdiction to review the USCIS' decisions to revoke the I-140 petition or to deny the I-485 application. The Court therefore grants defendants' motion to dismiss or, in the alternative, for summary judgment, and denies plaintiffs' motion for summary judgment.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss or for Summary Judgment [Docket No. 37] is **GRANTED**.

2. Plaintiffs' Motion for Summary Judgment [Docket No. 41] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 31, 2010                       \_\_\_\_s/ John R. Tunheim\_\_\_\_
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                         United States District Judge